UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.:   3:14-CR-14-TAV-HBG-06 |
| MANDY MOSER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 833]. The United States has filed a response in opposition [Doc. 891]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

**I.     Background**

On August 19, 2014, pleaded guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and a conspiracy to distribute and possess with intent to distribute at least five grams but less than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) [Docs. 230, 252]. Defendant was sentenced to 180 months' imprisonment, to be followed by five years of supervised release [Doc. 563].

Defendant is currently housed at RRM Cincinnati. Defendant is forty-three (43) years old and medical records establish that she suffers from, among other ailments, hypothyroidism, obesity, and hypertension [Doc. 833, p. 18; Doc. 892, p. 92-93].

Defendant tested positive for COVID-19 in or around December 2020, but has since recovered [Doc. 892, p. 94].  Defendant received her second dose of the Moderna COVID-19 vaccine on March 18, 2021 [*Id*. at p. 100].  Defendant is scheduled for release on January 19, 2028.  Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 29, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

2

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others"

3

but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III. Analysis**

**A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion**

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted her administrative remedies [Doc. 891]. Thus, the Court may consider the merits of defendant's request.

**B. Extraordinary and Compelling Reasons**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant contends that compassionate release is appropriate because her medical condition places her at greater risk from the ongoing COVID-19 pandemic. Specifically, defendant argues she suffers from hypothyroidism, obesity, and hypertension. The Court notes that defendant has also been fully vaccinated against COVID-19 [Doc. 93, p. 56]. Defendant also argues that she should be granted compassionate release so she can care for her minor grandchild, who is currently being cared for by defendant's elderly mother, and because of her rehabilitative efforts.

The Court does not find defendant's generalized concerns about COVID-19 persuasive. Courts may rely on CDC guidance when considering a motion for compassionate release. *Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). The CDC has not identified hypothyroidism as a condition creating an increased risk of severe illness or death from COVID-19. People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Defendant's medical records indicate that she has a BMI of 41, which places her in the category of being severely obese, which could increase her risk of severe illness if she were to contract COVID-19 again. *Id.* Defendant also suffers from hypertension, which can also potentially increase the risk of becoming extremely ill from COVID-19. *Id.*

However, while defendant does suffer from ailments which may increase her risk from COVID-19, the Court notes that she has been fully vaccinated. Although vaccinations

may not provide perfect protection from COVID-19, they are among the best known methods of preventing infection and severe complications from the disease. CDC Real-World Study Confirms Protective Benefits of mRNA COVID-19 Vaccines, Ctrs. for Disease Control & Prevention (Mar. 29, 2021), https://bit.ly/2QOfr2A ("COVID-19 vaccines are highly effective in preventing SARS-CoV-2 infections in real-world conditions among . . . groups [that] are more likely than the general population to be exposed to the virus."); Vaccine Effectiveness, Ctrs. for Disease Control & Prevention (May 10, 2021), https://bit.ly/34STqU1 (recognizing that "no vaccine is 100% effective," but observing that vaccines "are effective at preventing COVID-19" or developing severe illness in "real world conditions."). The CDC estimates that two doses of the Moderna vaccine or the Pfizer vaccine reduce the chances of infection by over 90 percent. *Id*.

Finally, the Court notes that the Bureau of Prisons is in the process of providing COVID-19 vaccines to inmates. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 28, 2021). The Bureau of Prison's ongoing vaccination efforts further diminish the risk defendant faces from COVID-19. With all of the above in mind, the Court finds that because defendant is vaccinated against COVID-19, her "susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 U.S. Dist. LEXIS 20421, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Nor is defendant's medical condition so severe as to otherwise constitute extraordinary and compelling reasons.

With respect to defendant's other arguments, defendant has not established that she is the only person who can care for her minor grandchild. And while the Court recognizes her desire to be with and care for her family, the absence of a parent or family member is a common result of incarceration and does not qualify as either extraordinary or compelling. The Court also recognizes defendant's efforts to rehabilitate and improve herself while serving out her sentence. While the Court commends defendant on her efforts at self-improvement, the Court does not find her efforts so exceptional as to satisfy the extraordinary and compelling requirement needed for compassionate release.

Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

### IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 833] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE